YUN MING LIN, Petitioner,

v.

Eric H. HOLDER, Jr.,[1] Attorney General, United States Department of Justice, Respondent.

No. 08–6099–ag.

United States Court of Appeals, Second Circuit.

Dec. 11, 2009.

Lewis Hu, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Stephen J. Flynn, Assistant Director, Jeffrey R. Meyer, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC., for Respondent.

PRESENT: ROBERT D. SACK, B.D. PARKER, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Yun Ming Lin, a native and citizen of China, seeks review of the November 17, 2008 order of the BIA affirming the February 15, 2007 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Ming Lin,* No. A 097

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Mark R. Filip as respondent in this case.

658 304 (B.I.A. Nov. 17, 2008), *aff'g* No. A 097 658 304 (Immig. Ct. N.Y. City Feb. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

Lin argues in his brief that the IJ engaged in "improper speculation and conjecture" by failing to give "specific, cogent reasons" for her adverse credibility determination. Contrary to Lin's argument, the IJ based her adverse credibility determination on Lin's "highly implausible" testimony. Specifically, the IJ found implausible Lin's testimony that: (1) he did not practice Falun Gong because he was too busy with school and work, but still had time to pass out flyers and encourage others to practice Falun Gong, even though it was illegal to do so; and (2) he participated in a Falun Gong demonstration in New York but did not know where the demonstration was held. In making a finding that an applicant's testimony is inherently implausible, an IJ is not required to "explain in precise detail what made each identified act implausible." *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). Rather, where "the reasons for [the IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence. *Id.* Because the IJ provided cogent reasons for her implausi-

bility finding, she met this standard. We have upheld similar implausibility findings. *See, e.g., Ying Li v. Bureau of Citizenship and Immigration Servs.*, 529 F.3d 79, 82–83 (2d Cir.2008).

Because substantial evidence supports the IJ's adverse credibility determination, the IJ properly denied Lin's application for asylum, withholding of removal, and CAT relief. The persuasiveness of the only evidence that Lin would be persecuted or tortured depended on his credibility. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.